UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60497-WILLIAMS/AUGUSTIN-BIRCH

G.T., a minor, by and through his
Natural Parent and Legal Guardian
KEVIN MICHAEL TARQUINIO,

    Plaintiff,

v.

MSC Cruises, S.A.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS [9]

The Honorable Kathleen M. Williams, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Defendant MSC Cruises' Motion to Dismiss. DE 9 and 12. The Motion to Dismiss is fully briefed, Plaintiff G.T. having filed a Response [DE 15] and Defendant having filed a Reply [DE 22]. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **DENIED**.

### I. BACKGROUND

Plaintiff, a minor and passenger onboard a cruise ship, filed a Complaint against cruise ship company MSC Cruises. DE 1. The Complaint is based on three counts of negligence, each arising out of the same incident. *Id.* Plaintiff alleges that a staircase on Defendant's vessel the M/V MSC Meraviglia was "unreasonably shiny . . . uneven, non-uniform in dimensions . . . [and] curved such that the dimensions of each step were . . . unreasonably dangerous." *Id.* ¶ 10. The above

characteristics of the staircase allegedly caused Plaintiff to slip or trip, fall, and tumble down the stairs, resulting in serious injuries. *Id.* ¶ 11.

First, Count I alleges general negligence because Defendant owed a duty of reasonable care to its passengers onboard the cruise ship and breached this duty when, among other things, Defendant did not "provide a safe, properly maintained stairway." *Id.* ¶¶ 20, 22. Second, Plaintiff alleges negligent failure to warn as Count II and lists four acts or omissions on the part of Defendant to show that Defendant breached its duty to warn Plaintiff of the staircase's dangerous condition. *Id.* ¶ 31. Third, Count III alleges negligent failure to maintain, listing eleven allegedly necessary acts or omissions to show that Defendant had a duty to maintain the staircase in question and breached this duty when it failed to maintain it. *Id.* ¶ 39. Defendant now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the Complaint does not allege sufficient facts that would allow Plaintiff to be entitled to any relief.

## II. ANALYSIS

Defendant seeks dismissal of the Complaint with prejudice. Defendant maintains that, because the Complaint relies on insufficient legal conclusions and fails to show Defendant's actual or constructive notice of the dangerous condition, the Complaint has failed to state a claim upon which relief can be granted. DE 9. Further, Defendant claims that as to Count II, negligent failure to warn, Plaintiff did not allege that the condition was not open and obvious. *Id.* The Court addresses each topic in turn.

In Section A of this Report and Recommendation, the Court discusses the material facts alleged in the Complaint and determines that Plaintiff has met the pleading threshold under Fed. R. Civ. P. 8(a)(2). In Section B, the Court addresses whether the Complaint plausibly alleges that Defendant was on actual or constructive notice of the dangerous condition, concluding that the Complaint does plausibly allege that Defendant was on actual notice. Section C analyzes whether

the Complaint plausibly alleges that the condition was not open and obvious, and the Court concludes that it does, despite the absence of the exact words "open and obvious." The Court recommends that Defendant's Motion to Dismiss [DE 9] be denied because Plaintiff states a claim in accordance with Fed. R. Civ. P. 8(a)(2), *Twombly*, and *Iqbal*. Further, Plaintiff plausibly alleges that Defendant was on actual notice of the condition and that the condition was not open and obvious.

### A. Failure to State a Claim

Defendant's Motion to Dismiss submits that Plaintiff's Complaint is "premised on a general foreseeability theory of liability and comprised solely of threadbare recitals of the elements of a cause of action and conclusory statements." DE 9 at 2 (quotation marks omitted). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the Supreme Court has rejected the need for "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Lastly, a court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017) (citing *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010)).

Plaintiff has stated a claim in accordance with the above formulation. The Complaint makes a short and plain statement of the claim that is backed by factual support that, when construed as true, gives rise to well-plead negligence claims. In the beginning of the Complaint, Plaintiff provides the overarching means by which Defendant was negligent. DE 1 ¶¶ 12-18. Prior

3

to alleging each count, Plaintiff discusses facts pertaining to the four traditional elements of negligence and Defendant's actual and constructive notice. *Id.* In Counts I-III thereafter, Plaintiff again applies facts to each element of negligence for each specific claim. This meets the pleading standards set under Fed. R. Civ. P. 8(a)(2), *Twombly*, and *Iqbal*. If the staircase was indeed "unreasonably dangerous," as Plaintiff claims, this opens the gate to Defendant's potential liability because Defendant's acts or omissions could have plausibly caused Plaintiff's harm. This shows that on its face, the claim is plausible and not merely conceivable.

Defendant infers that Plaintiff is seeking to plead first and find factual support during discovery, a practice that the Supreme Court discounted in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 686 (holding that "[b]ecause [the] respondent's complaint is [factually] deficient under Rule 8, he is not entitled to discovery"). However, Plaintiff has pled factual support, as opposed to merely making a legal conclusion that Defendant was negligent. For example, Plaintiff alleges that Defendant's own employees stated that passengers are regularly injured on the specific stairway in question. DE 1 ¶ 17. Additionally, the Complaint provides a detailed description of the staircase at issue and a photo of it. *Id.* ¶ 10. These facts show that Plaintiff's Complaint does not merely recite the elements of negligence to reach a legal conclusion. Rather, the Complaint provides specific facts including the date of the incident, the exact staircase in question, and the specific dangerous condition pertaining to the staircase. *Id.* ¶¶ 9-10.

*Glasco v. Pembroke Lakes Mall* involved a slip and fall at a shopping mall. The United States District Court for the Southern District of Florida found a plausible negligence pleading where the Complaint not only plead the elements of negligence, but also defined factors such as the plaintiff's status on the property, the date of the accident, her location on the premises, and the cause of her fall. *Glasco v. Pembroke Lakes Mall, LLC*, No. 18-CV-60551, 2019 WL 1112277, at *3 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, 2019 WL 1115867 (S.D. Fla.

4

Feb. 6, 2019). The court found that the combination of these allegations pled a negligence claim that was plausible on its face. *Id.* In the present case, the Complaint pleads the elements of negligence for each count in detail, providing lists of ways in which Defendant allegedly breached its duties to Plaintiff. DE 1 ¶¶ 22, 31, 39. Further, the Complaint defines Plaintiff's status on the property as a "paying passenger[]," and provides the date of the accident as March 23, 2022. *Id.* ¶¶ 4, 9. The location on the premises is described, with specificity, as "a glass spiral stairway located near Swarovski Shop, located outside of the casino on Deck 6 of Defendant's vessel." *Id.* ¶ 9. Lastly, the cause of the fall is explained as the staircase being "unreasonably shiny" and "unreasonably dangerous," among other things. *Id.* ¶ 10. For each count, the Complaint lists several acts or omissions on Defendant's part that allegedly caused Plaintiff's injury. *Id.* ¶¶ 22, 31, 39. This is more robust than a mere legal conclusion with no factual support, contrary to what Defendant asserts in its Motion to Dismiss. *See* DE 9 at 2 (emphasizing that Plaintiff's Complaint is "comprised solely of . . . conclusory statements").

### B. Actual or Constructive Notice

The United States Court of Appeals for the Eleventh Circuit has expressed that "as a prerequisite to imposing liability," a defendant must have been on "actual or constructive notice of [a] risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). At a minimum, the Complaint plausibly alleges that Defendant was on actual notice of the hazardous staircase.[1] To have actual notice prior to an incident, a defendant must know about a dangerous condition. *Holland*, 50 F.4th at 1095 (citing *Keefe*, 867 F.2d at 1322).

---

[1] Because the Court concludes that Plaintiff plausibly alleges that Defendant was on actual notice of the hazardous condition, the Court need not address whether Plaintiff also plausibly alleges that Defendant was on constructive notice. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (citing *Keefe*, 867 F.2d at 1322) (requiring a finding of either actual or constructive notice, but not both).

The Complaint plausibly alleges that Defendant was on actual notice of issues involving the staircase through statements made by its employees. According to the Complaint, after Plaintiff fell, "Defendant's crewmembers indicated . . . that passengers tumble down this specific stairway regularly and that crewmembers find this specific stairway to be unreasonably dangerous." DE 1 ¶ 17. Accepting this allegation as true, the employees' statements show that the staircase's danger was known to Defendant through its employees, and they were aware of the risk-creating condition onboard Defendant's premises. Therefore, Plaintiff has plausibly alleged that Defendant was on actual notice of the staircase's condition.

Defendant asserts in its Reply that the statements its employees purportedly made are "hearsay." DE 22 at 4. Even if the above statements made by Defendant's employees satisfy the definition of hearsay,[2] "there is no rule against hearsay statements in pleadings" because "pleadings, and the [factual] allegations within them, are not evidence." *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-Civ, 2013 WL 1890274, at *2 (S.D. Fla. May 7, 2013). Additionally, when evaluating a motion to dismiss, a court is to take all allegations in a Complaint as true, except for legal conclusions. *Iqbal*, 556 U.S. at 678. Therefore, while Defendant may question the credibility or existence of these statements, the Court must accept the existence of the statements for the purpose of evaluating the Motion to Dismiss. The United States District Court for the Southern District of Florida has emphasized that "[w]hether Plaintiffs can prove the allegations with admissible evidence at trial is another matter which need not be resolved at this stage of the proceeding." *Pronman v. Styles*, No. 12-80674-CIV, 2013 WL 3894978, at *3 (S.D. Fla. July 26, 2013). The statements made by Defendant's employees show that Plaintiff has plausibly alleged that Defendant was on actual notice of the hazardous staircase.

---

[2] Defendant has not demonstrated that the statements would not be excluded from the definition of hearsay or be excepted from the rule against the admission of hearsay. *See, e.g.*, Fed. R. Evid. 801(d)(2) (excluding an opposing party's statement from the definition of hearsay).

### C. Open and Obvious Condition

Defendant's Motion to Dismiss asserts that Plaintiff's Complaint fails to allege that the staircase's condition was not open and obvious for the purpose of pleading Count II, negligent failure to warn. DE 9 at 8; *see Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, at *2-3 (S.D. Fla. Mar. 19, 2020) (explaining the requirement for a Complaint to allege that any danger was not open and obvious to a plaintiff). Open and obvious conditions are required to be viewed from an objective standpoint and are clear through one's senses. *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295-CIV, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015). The open and obvious condition is significant because "[a] defendant has no duty to warn a plaintiff about dangers that are open and obvious." *Spall v. NCL (Bahamas), Ltd.*, 275 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016).

Plaintiff plausibly alleges that the condition of the staircase was not open and obvious. Plaintiff responds to Defendant's Motion to Dismiss by directing the Court to where the Complaint states "the glass stairway onboard Defendant's vessel was in an unreasonably dangerous condition that was difficult, if not impossible, to ascertain by a lay person." DE 1 ¶ 33. This allegation, if accepted as true, shows that the staircase's dangerous condition was not open and obvious to a lay person. *See id.* Further, the Complaint alleges that "[u]nbeknownst to Plaintiff, the staircase was unreasonably shiny (creating an optical illusion . . .), uneven, non-uniform in dimensions . . . curved such that the dimensions of each step were inconsistent, poorly maintained, [and] lack[ed] adequate visual cues to help passengers navigate each step . . . ." *Id.* ¶ 10. Here, the Complaint states facts to show that the condition was not open and obvious by describing the nature of the staircase. *See id.* Describing the staircase as an "optical illusion" shows that the Complaint plausibly alleges that the condition was not open or obvious because the Court can draw the reasonable inference that a lay person is likely to be tricked by an optical illusion. *See id.*

7

Additionally, alleging that the staircase was "curved" and thus difficult to discern its depth and angles shows that the Complaint plausibly alleges that the danger was not open or obvious. *See id.* The Complaint also states that "the stairway was lit from underneath which made it difficult for [Plaintiff] to discern where the steps actually began and ended," again allowing the Court to draw a reasonable inference that the condition was not open or obvious. *Id.*

In *Green v. Carnival Corp.*, the United States District Court for the Southern District of Florida held that a plaintiff plausibly alleged that a condition was not open and obvious where the Complaint stated, "Suddenly and without warning . . . Plaintiff slipped and fell . . . ." *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1265 (S.D. Fla. 2022) (denying the defendant's motion to dismiss). Here, Plaintiff provides even more facts to explain how the condition was not open and obvious. *See* DE 1 ¶¶ 10, 33. The Complaint in *Green* uses similar verbiage to the statement in the present case, focusing on the circumstances of the incident, and the court in *Green* deemed this to be a sufficient factual allegation to show that the condition was not open and obvious. *See Green*, 614 F. Supp. 3d at 1265. Where the Complaint in the present case alleges that the staircase's condition was difficult to be noticed by a "lay person," this statement coupled with the detailed description of the staircase plausibly alleges that the staircase's condition was not open and obvious. *See* DE 1 ¶¶ 10, 33.

In Defendant's Reply, Defendant suggests that it is mandatory for Plaintiff to use the words "open and obvious," citing *Navarro*. *See* 2020 WL 1307185, at *2. However, Defendant provides no explanation as to how *Navarro* suggests this and overlooks the different material facts in that case pertaining to this issue. The court in *Navarro* found that the plaintiff did not plausibly allege that the condition was not open and obvious because the plaintiff only alleged that she walked through a "high traffic" area of the vessel and tripped after coming into contact with a photographer. *Id.* Here, Plaintiff states that the condition was not ascertainable by a lay person.

DE 1 ¶ 33. *Navarro* does not stand for the proposition that the exact words "not open and obvious" must be pled. Therefore, Plaintiff plausibly alleges that the condition was not open and obvious, even though Plaintiff did not use those exact words.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant MSC Cruises' Motion to Dismiss [DE 9] be **DENIED**. The Court further recommends that Defendant be required to file an Answer within fourteen (14) days of an Order denying the Motion to Dismiss, per Fed. R. Civ. P. 12(a)(4).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers in Fort Lauderdale, Florida, this 31st day of July, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE